**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000760**
**22-NOV-2016**
**08:45 AM**

NO. CAAP-15-0000760

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES HOOVER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DCW-14-0000009)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant James Hoover (**Hoover**) appeals from
the (first and second) First Amended Judgment and Notice of Entry
of Judgment, entered on September 23 and 25, 2015, in the
District Court of the Second Circuit, Wailuku Division (**District
Court**).[1]

On August 20, 2014, after a bench trial, Hoover was
convicted of Assault in the Third Degree (Count 1), Assault in
the Third Degree (Count 2), and Harassment (Count 4). Hoover was
sentenced to a one year term of probation, with fourteen days
jail as a special condition of probation, for each count of

---

[1] The Honorable Blaine Kobayashi presided.

Assault in the Third Degree, and fourteen days in jail for Harassment.

On September 23, 2015, a (first) First Amended Judgment was entered. Hoover's probation was revoked and he was resentenced to one year of probation, with sixty days in jail as a special condition of probation for each count of Assault in the Third Degree, and six months of probation, with thirty days in jail as a special condition of probation for Harassment, all sentenced to run concurrently.

On September 25, 2015, a (second) First Amended Judgment was entered, which changed Hoover's thirty day jail term that was a special condition of probation associated with his Harassment conviction to a five day jail term special condition. On appeal, Hoover contends the District Court erred by: (1) revoking his probation, because the evidence failed to demonstrate that he wilfully failed to comply with the terms of probation; (2) sentencing him to sixty days in jail; and (3) resentencing him for his Harassment conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hoover's points of error as follows:

(1) Hoover's convictions were based upon his punching the complaining witness in the face several times after he angrily grabbed her young child and picked him up and the complaining witness tried to pull the child from his grasp. In initially sentencing Hoover to probation on the counts for

Assault in the Third Degree, the District Court noted that anger management treatment would address Hoover's Post Traumatic Stress Disorder (**PTSD**). The District Court further ordered that, if Hoover was unable to pay for an anger management program, then the State would pay for the service. Hoover admits that he was aware that the completion of an anger management program was a condition of his probation. Hoover does not dispute that he did not complete an anger management program by August 19, 2015, the end of his probationary period.

Hawaii Revised Statutes (**HRS**) § 706-625(3) (2014) provides:

> The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony. The court may revoke the suspension of sentence or probation if the defendant has been convicted of another crime other than a felony.

The Hawaiʻi Supreme Court has held that the term "inexcusably," in the context of HRS § 706-625(3), means a wilful and deliberate attempt to circumvent the order of the court. State v. Villiarimo, 132 Hawaiʻi 209, 222, 320 P.3d 874, 887 (2014). "This standard requires both an intentional act on the part of the defendant ('willful'), and a deliberate attempt by him or her to circumvent the probation order, taking into consideration the significance of the defendant's action with respect to the court's order and goals of probation ('to circumvent the order of the court')." Id. (citations and footnote omitted). "Given the difficulty of proving the requisite state of mind by direct evidence, proof by circumstantial evidence and reasonable inferences arising from

circumstances surrounding the [defendant's conduct] is sufficient". State v. Stocker, 90 Hawai'i 85, 92, 976 P.3d 399, 406 (1999) (quoting State v. Mitsuda, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997). "Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Id.

Here, Hoover's probation officer testified that, although no financial assessment was completed, Hoover informed her in May of 2015 that he would look into obtaining a private therapist. Hoover had further stated that his insurance would pay for the private therapist. In July of 2015, Hoover's probation officer told Hoover that his probation was about to expire, and Hoover responded that he was willing to go to the Family Peace Center, even if he had to pay for it himself. However, in August of 2015, the Family Peace Center informed Hoover's probation officer that Hoover had not stopped by to fill out an application. It was not until August of 2015 that Hoover told his probation officer that he could not afford the Family Peace Center.

We conclude that the District Court did not err when it determined that Hoover "essentially strung probation along in this case," in light of the District Court's assessment that anger management was probably one of the most significant conditions of probation, because the case involved a crime of violence. Anger management was a substantial condition of Hoover's probation. Hoover asserted during sentencing that his psychological history was a factor in favor of not sentencing him

to prison, and thus, the District Court required him to address the issue as part of his probation because his crimes involved violence. It appears from the record that the probationary condition was a substantial requirement, as evidenced, *inter alia*, by the District Court's order that the State pay for the service if Hoover could not afford to. Hoover knew that he was required to complete an anger management program and he told his probation officer that he would obtain and pay for a private therapist, only to later claim that he could not afford to do so shortly before the expiration of his probationary period. Drawing from all the circumstances, the District Court reasonably concluded from Hoover's actions that he intended to not complete an anger management program prior to the expiration of his probationary period and that Hoover deliberately attempted to evade the condition of probation by misleading his probation officer about completing an anger management program.

(2) Hoover contends that the District Court abused its discretion by resentencing him to sixty days in jail and argues that the District Court did not resentence him in accordance with HRS §§ 706-606 (2014) and 707-621 (2014). Hoover claims the District Court only considered one factor in resentencing him - the fact that he did not complete an anger management program. Hoover also argues that the sixty day jail term was unduly harsh and not commensurate with justice.

In resentencing Hoover, the District Court was required to consider the factors stated in HRS §§ 706-606[2] and 706-621[3] to

---

[2]     HRS § 706-606 states:

§ 706-606    **Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:
   (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;
   (2)   The need for the sentence imposed:
         (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
         (b)    To afford adequate deterrence to criminal conduct;
         (c)    To protect the public from further crimes of the defendant; and
         (d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3)   The kinds of sentences available; and
   (4)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

[3]     HRS § 706-621 states:

§ 706-621    **Factors to be considered in imposing a term of probation.** The court, in determining whether to impose a term of probation, shall consider:
   (1)   The factors set forth in section 706-606 to the extent that they are applicable;
   (2)   The following factors, to be accorded weight in favor of withholding a sentence of imprisonment:
         (a)    The defendant's criminal conduct neither caused nor threatened serious harm;
         (b)    The defendant acted under a strong provocation;
         (c)    There were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
         (d)    The victim of the defendant's criminal conduct induced or facilitated its commission;
         (e)    The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime;
         (f)    The defendant's criminal conduct was the result of circumstances unlikely to recur;
         (g)    The character and attitudes of the defendant indicate that the defendant is unlikely to commit another crime;

(continued...)

the extent they were applicable. <u>State v. Rauch</u>, 94 Hawai'i 315, 328, 13 P.3d 324, 337 (2000). During resentencing, the State noted that Hoover punched the complaining witness in the face and lifted up a small child and threw him down, the offenses were committed against persons, Hoover failed to benefit from his past encounters with the law, Hoover had a prior felony conviction for abuse, and that he displayed deception in the current case. In response, Hoover argued that there were mitigating factors in the case, he attended all probation meetings, he could not attend anger management because of financial issues, the amount of time he already spent in jail was adequate, and that probation with financial assistance to attend anger management would solve the problem. Prior to resentencing Hoover, the District Court noted that it considered the arguments of the State and his counsel, as well as reviewed a pre-sentence report. The District Court was not required to expressly make findings of fact with regard to each of the factors listed in HRS § 706-606. <u>Rauch</u>, 94 Hawai'i at 328, 13 P.3d at 337. There is a presumption that all factors under HRS § 706-606 were considered, absent clear evidence to the contrary. <u>State v. Hussein</u>, 122 Hawai'i 495, 519, 229 P.3d 313, 337 (2010). The State's arguments during resentencing touched

---

[3](...continued)

    (h)    The defendant is particularly likely to respond affirmatively to a program of restitution or a probationary program or both;

    (i)    The imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents; and

    (j)    The expedited sentencing program set forth in section 706-606.3, if the defendant has qualified for that sentencing program.

upon several factors listed in HRS § 706-621, such as Hoover's criminal conduct causing harm, substantial grounds tending to excuse or justify Hoover's criminal conduct, Hoover's history of criminal conduct, and whether Hoover was likely to respond affirmatively to a program. Hoover cites no clear evidence to rebut the presumption that the District Court considered all of the relevant factors. A sixty day jail term as a special condition of probation is far shorter than the maximum jail term of one year. Hoover initially served a fourteen day jail term as a special condition of probation. Thus, it does not appear that the sixty day jail term was unduly harsh given Hoover's conduct subsequent to the imposition of the fourteen day jail term.

(3) We conclude that the District Court erred when it purportedly revoked Hoover's probation for the Harassment conviction. Hoover was sentenced to fourteen days in jail, not probation, for Harassment. Thus, probation could not be revoked for that offense.

For these reasons, the District Court's First Amended Judgment and Notice of Entry of Judgment, as filed on September 23, 2015 and refiled with modification on September 25, 2015, is affirmed in part and vacated in part. Hoover's probation revocation and resentencing for the two counts of Assault in the Third Degree are affirmed. Hoover's probation revocation and resentencing for Harassment is vacated. The case is remanded for

entry of an amended judgment in accordance with this summary disposition order.

DATED: Honolulu, Hawai'i, November 22, 2016.

On the briefs:

Jason M. Onishi,
Deputy Public Defender,
for Defendant-Appellant.

Artemio C. Baxa,
Special Deputy Prosecuting
  Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge